UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

SAVRAJ GATA-AURA (a/k/a SAMUEL AURA
a/k/a SAM AURA) and CORE AGENTS, LTD.
(d/b/a CORE AGENTS INTERNATIONAL, LTD.),

Defendants.

19-CV-04780 (LGS)

**FINAL JUDGMENT AS TO DEFENDANTS SAVRAJ GATA-AURA**
**(a/k/a SAMUEL AURA a/k/a SAM AURA) and CORE AGENTS, LTD.**
**(d/b/a CORE AGENTS INTERNATIONAL, LTD.)**

The Securities and Exchange Commission having filed a Complaint and Defendants

Savraj Gata-Aura ("Aura") and Core Agents, Ltd. ("Core Agents") (collectively, "Defendants"),

having entered a general appearance; consented to the Court's jurisdiction over Defendants and

the subject matter of this action; consented to entry of this Final Judgment; waived findings of

fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $2,988,225.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $721,520.62, for a total of $3,709,745.62. Defendants' $3,709,745.62 payment obligation shall be offset by an amount equal to the Order of Restitution entered against Aura in the amount of $39,972,000 and an additional $2,988,225 in forfeiture entered against Aura in the criminal case before the United States District Court for the Southern District of New York titled *United States v. Savraj Gata-Aura*, 18-cr-759 (JSR) (Dkt. Nos. 122, 135).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

The Clerk of Court is respectfully directed to close the docket entry at No. 55.

Dated: June 22, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

SAVRAJ GATA-AURA (a/k/a SAMUEL AURA
a/k/a SAM AURA) and CORE AGENTS, LTD.
(d/b/a CORE AGENTS INTERNATIONAL, LTD.,

Defendants.

19-CV-04870 (LGS)

## CONSENT OF DEFENDANTS SAVRAJ GATA-AURA AND CORE AGENTS, LTD.

Defendants Savraj Gata-Aura ("Aura") and Core Agents, Ltd. ("Core Agents") (collectively "Defendants") waive service of a summons and the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

Defendant Aura has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Savraj Gata-Aura*, Crim No. 18-cr-759 (JSR) (the "Criminal Action"), Aura plead guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §1349. In connection with that plea, Aura admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in the Criminal Action.

3.       Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1

(a)      permanently restrains and enjoins Defendants from violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and

(b)      orders Defendants jointly and severally to pay disgorgement in the amount of $2,988,225.00 plus prejudgment interest thereon in the amount of $721,520.62 for a total of 3,709,745.62. Defendants' $3,709,745.62 payment obligation shall be offset by an amount equal to the Order of Restitution to be entered against Defendant and an additional $2,988,225.00 in forfeiture entered against Aura in the Criminal Action.

4.      Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

7.      Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendants waive service of the Final Judgment and agrees that entry of the Final

Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants

of its terms and conditions.  Defendants further agree to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

or declaration stating that Defendants have received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

against Defendants in this civil proceeding.  Defendants acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability.

Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein.  Defendants further acknowledge

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations.  Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization.  This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding.  In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendants understand that they shall not be permitted to contest the factual allegations

of the complaint in this action.

11.     Defendants understand and agree to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants acknowledge the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action.  For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 9/28/20                      _____

Savraj Gata-Aura, individually and on behalf of Core Agents, Ltd.

On _____, 2020, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Randy Zelin
Attorney for Defendants

5

12.     Defendants hereby waive any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendants to defend against this action.  For these purposes,

Defendants agree that Defendants are not the prevailing party in this action since the parties have

reached a good faith settlement.

13.     Defendants agree that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

14.     Defendants agree that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: 9/28/20                          _____

                                        Savraj Gata-Aura, individually and on behalf of
                                        Core Agents, Ltd.


        On _____, 2020, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                        _____

                                        Notary Public
                                        Commission expires:


Approved as to form:

_____

Randy Zelin
Attorney for Defendants

5

## CORE AGENTS, LTD.
## CERTIFICATE OF CORPORATE RESOLUTION

I, Savraj Gata-Aura, do hereby certify that I am an elected and qualified Officer of Core Agents, Ltd. ("Core Agents"), a British corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of Core Agents at a meeting held on 9/28/20 , 2020, at which a quorum was present and resolved as follows:

**RESOLVED:** That Savraj Gata-Aura, an Officer of this Corporation, be and hereby is authorized to act on behalf of the Corporation, and in his sole discretion, to negotiate, approve, and make the offer of settlement of Core Agents, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this _____ day of _____, 2020.

By: _____

Savraj Gata-Aura
President
Core Agents, Ltd.

STATE OF                              }

COUNTY OF                          }

The foregoing instrument was acknowledged before me this _____ day of _____ 20202 by _____, who, is personally known to me or _____ who has produced a _____ driver's license as identification and who did take an oath.

_____

Notary Public
State of
Commission Number:
Commission Expires:

# Exhibit A

JBIESAVP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        18 Cr. 759 (JSR)

5   SAVRAJ GATA-AURA,

6              Defendant.          Plea

7   ------------------------------x

8                                   New York, N.Y.
                                    November 18, 2019
9                                   4:00 p.m.

10

    Before:
11
                       HON. JED S. RAKOFF,
12
                                      District Judge
13

14                       APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    VLADISLAV VAINSBERG, ESQ.
17  MARTIN BELL, ESQ.
         Assistant United States Attorney
18
    RANDY ZELIN, ESQ.
19       Attorney for Defendant

20          (Case called)

21          THE DEPUTY CLERK:  Will the parties please identify

22  themselves for the record.

23          MR. VAINSBERG:  Good afternoon.  For the United States

24  Government, Vlad Vainsberg, along with co-counsel, Martin Bell.

25          THE COURT:  Good afternoon.

JBIESAVP

1          MR. ZELIN:  Good afternoon, your Honor.  Randy Zelin

2    for the defendant, Mr. Gata-Aura.

3          THE COURT:  Good afternoon.  Please be seated.

4          My understanding is that the defendant wishes to

5    withdraw his previously-entered plea of not guilty and enter a

6    plea of guilty to Count One of the indictment; is that correct?

7          MR. ZELIN:  Yes, your Honor.

8          THE COURT:  Place the defendant under oath.

9          (Defendant sworn)

10          THE COURT:  Mr. Gata-Aura, let me first advise you

11    that because you're under oath anything you say that is

12    knowingly false could subject you to punishment for perjury or

13    obstruction of justice for the making of the false statements.

14          Do you understand?

15          You don't have to stand up, but bring that microphone

16    closer to you.

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  You read write, speak, and understand

19    English?

20          THE DEFENDANT:  Yes.

21          THE COURT:  How far did you go in school?

22          THE DEFENDANT:  Bachelor's degree.

23          THE COURT:  And have you ever been treated by a

24    psychiatrist or a psychologist?

25          THE DEFENDANT:  No, your Honor.

JBIESAVP

1          THE COURT:  Have you ever been hospitalized for any
2     mental illness?
3          THE DEFENDANT:  No.
4          THE COURT:  Have you ever been treated or hospitalized
5     for alcoholism?
6          THE DEFENDANT:  No, your Honor.
7          THE COURT:  Have you ever been treated or hospitalized
8     for drug addiction?
9          THE DEFENDANT:  No, your Honor.
10          THE COURT:  Are you currently under the care of a
11     physician for any reason?
12          THE DEFENDANT:  No, your Honor.
13          THE COURT:  In the last 24 hours, have you taken any
14     pill or medication?
15          THE DEFENDANT:  No, your Honor.
16          THE COURT:  Is your mind clear today?
17          THE DEFENDANT:  Yes.
18          THE COURT:  Do you understand these proceedings?
19          THE DEFENDANT:  Yes, your Honor.
20          THE COURT:  On the basis of the defendant's responses
21     to my questions and my observations of his demeanor, I am
22     finding he's fully competent to enter an informed plea at this
23     time.
24          You have a right to be represented by counsel at every
25     stage of these proceedings.  Do you understand that?

JBIESAVP

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  If at anytime you can't afford counsel,

3     the Court will appoint one to represent you free of charge

4     throughout all the proceedings.  Do you understand that?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Mr. Zelin, are you retained or appointed?

7            THE DEFENDANT:  I am retained, your Honor.

8            THE COURT:  Mr. Gata-Aura, are you satisfied with Mr.

9     Zelin's representation of you?

10            THE DEFENDANT:  Yes, I am.

11            THE COURT:  Have you had a full opportunity to discuss

12     this matter with him?

13            THE DEPUTY CLERK:  Yes.

14            THE COURT:  And have you told him everything you know

15     about this matter?

16            THE DEFENDANT:  Yes, your Honor.

17            THE COURT:  Now, you had previously entered a plea of

18     not guilty and, indeed, we had scheduled a trial fairly soon;

19     but I understand now that you wish to withdraw your plea of not

20     guilty and enter a plea of guilty to Count One of the

21     indictment in satisfaction of the indictment.  Is that correct?

22            THE DEFENDANT:  Yes, your Honor.

23            THE COURT:  Mr. Zelin, do you want the indictment read

24     again here in open court or do you waive the public reading?

25            MR. ZELIN:  So waived, if your Honor please.

JBIESAVP

1      THE COURT:  And, Mr. Gata-Aura, you have gone over

2  Count One with your lawyer, yes?

3      THE DEFENDANT:  Yes.

4      THE COURT:  And you understand the charge against you,

5  yes?

6      THE DEFENDANT:  Yes.

7      THE COURT:  Before I can accept any plea of guilty, I

8  need to make certain that you understand the rights you will be

9  giving up if you plead guilty so I want to go over with you now

10  the rights that you will be giving up if you enter a guilty

11  plea.

12      First, you have the right to a speedy and public trial

13  by a jury on the charges against you.

14      Do you understand that?

15      THE DEFENDANT:  Yes, your Honor.

16      THE COURT:  Second, if there were a trial, you would

17  be presumed innocent and the Government would be required to

18  prove your guilt beyond a reasonable doubt before you could be

19  convicted of any charge.

20      Do you understand that?

21      THE DEFENDANT:  Yes, your Honor.

22      THE COURT:  Third, at the trial you would have the

23  right to be represented by counsel, and if at any time you

24  cannot afford counsel, the Court will appoint one to represent

25  you free of charge throughout the trial and at all of the

```
JBIESAVP
```

1    proceedings.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Fourth, at the trial you would have the

5    right to see and hear all the witnesses and other evidence

6    against you, and your attorney could cross-examine the

7    Government's witnesses and object to the Government's evidence

8    and could offer evidence on your own behalf, if you so desired,

9    and to have subpoenas issued to compel the attendance of

10   witnesses on your own behalf.

11             Do you understand?

12             THE DEFENDANT:  Yes.

13             THE COURT:  You would have the right to testify if you

14   wanted to but no one could force you to testify if you did not

15   want to, and no suggestion of guilt could be drawn against you

16   simply because you chose not to testify.

17             Do you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Finally, even if you were convicted, you

20   would have the right to appeal your conviction.  Do you

21   understand that?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Now, do you understand that if you plead

24   guilty you will be giving up each and every one of those rights

25   we've just discussed?  Do you understand that?

JBIESAVP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Very good.

3              Now, Count One of the indictment S118 Criminal 759,

4      charges you with a conspiracy, in other words, an agreement

5      with at least one other person, to commit wire fraud and it

6      carries a maximum term of imprisonment of 20 years, plus up to

7      3 years of supervised release to follow any imprisonment, plus

8      a fine of whichever is greatest -- either $250,000 or twice the

9      amount of money derived from the crime or twice the loss to the

10     victims of the crime -- plus a $100 mandatory special

11     assessment, plus restitution and forfeiture.

12             Do you understand those are the maximum punishments

13     under Count One?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Do you understand that if I were to impose

16     a term of supervised release to follow imprisonment you would

17     be subject to all the terms of supervised release, and if you

18     violated those terms you would be subject to still further

19     imprisonment, going even beyond the term of supervised release.

20             Do you understand that?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Now, of course, at this point in time I

23     have no idea what sentence I will impose if you plead guilty,

24     but one of the things I would look at, among many other

25     factors, are the sentencing guidelines, which are certain laws

JBIESAVP

1    that recommend a range for which the Court may sentence you

2    although they are not binding on the Court.

3              Have you gone over the sentencing guidelines with your

4    lawyer?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  In that connection, I have been furnished

7    with a draft letter agreement that someone has to sign.

8              MR. VAINSBERG:  Permission to approach?

9              THE COURT:   Please.

10             We will mark the signed version as Court Exhibit One

11   at today's proceeding, and it takes the form of a letter from

12   Government counsel to defense counsel created November 1st,

13   2019, and it appears, Mr. Gata-Aura, that you signed it earlier

14   today.

15             Is that right?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  And before signing it did you read it?

18             THE WITNESS:  Yes, your Honor.

19             THE COURT:  Did you discuss it with your counsel?

20             THE DEFENDANT:  I have, yes.

21             THE COURT:  Did you understand its terms?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Did you sign it in order to indicate your

24   agreement to its terms?

25             THE DEFENDANT:  Yes, your Honor.

JBIESAVP

1          THE COURT:  Now, this letter in Court Exhibit One is

2     binding for you and the Government, but it's not binding upon

3     me, the Court.

4          Do you understand that?

5          THE WITNESS:  Yes.

6          THE COURT:  For example, this letter says that you and

7     the Government have stipulated and that the guideline range is

8     97 to 121 months' imprisonment.  I may agree with that or I may

9     disagree with it.  Even if I agree with it, I may sentence you

10    to less or more or anywhere in between, and regardless of where

11    I come out, if you plead guilty you will still be bound by my

12    sentence.

13         Do you understand that?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Generally, do you understand, if anyone

16    made any kind of prediction or promise or representation to you

17    of what your sentence will be in this case, that person can be

18    completely wrong; and nevertheless, if you plead guilty, you

19    will still be bound by my sentence.

20         Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  I should say also one other thing.

23         Mr. Gata-Aura, under your agreement with the

24    Government, however, you would have agreed that if I do

25    sentence you to 121 months or less, you will not appeal or

JBIESAVP

1    otherwise attack your sentence.

2                Do you understand that?

3                THE DEFENDANT:  Yes.

4                THE COURT:  Does the Government represent that this

5    letter agreement, which we have now marked as Court Exhibit

6    One, is the entirety of any and all agreements between the

7    Government and Mr. Gata-Aura?

8                MR. VAINSBERG:  Yes, your Honor.

9                THE COURT:  Does defense counsel confirm that as

10   correct?

11               MR. ZELIN:  Yes.

12               THE COURT:  Mr. Gata-Aura, do you confirm that as

13   correct?

14               THE DEFENDANT:  Yes.

15               THE COURT:  Mr. Gata-Aura, other than the Government,

16   has anyone else made any kind of promise to you or offered you

17   any inducement to get you to plead guilty in this case?

18               THE DEFENDANT:  No, your Honor.

19               THE COURT:  Has anyone coerced or threatened you to

20   get you to plead guilty in this case?

21               THE DEFENDANT:  No, your Honor.

22               THE COURT:  Does the Government represent that if this

23   case were to go to trial, it could through competent evidence

24   prove every essential element of this crime beyond a reasonable

25   doubt?

JBIESAVP

1          MR. VAINSBERG:  Yes, your Honor.

2          THE COURT:  Does defense counsel know of any valid

3     defense that would likely prevail at trial?

4          MR. ZELIN:  No, your Honor.

5          THE COURT:  Mr. Gata-Aura, tell me in your own words

6     what it is that you did that makes you guilty of this offense.

7          MR. ZELIN:  May my client be permitted to read his

8     allocution?

9          THE COURT:  I would be very surprised if he didn't.

10          MR. ZELIN:  Thank you, your Honor.  Would you prefer

11    that my client stand?

12          THE COURT:  No.

13          THE DEFENDANT:  From in or about September 2015,

14    through in or about June 2017, in the Southern District of New

15    York and elsewhere, I, together with other individuals,

16    including Renwick Haddow, knowingly and wilfully agreed with

17    these other individuals to obtain money from others by means of

18    false statements through the use of email and fax transmissions

19    and the wiring of funds all through and in interstate commerce.

20          I was an agent for Bar Works.  I engaged subagents who

21    sold the Bar Works concept as an investment to their clients.

22    I represented Bar Works to the subagents and I transmitted

23    marketing materials to these subagents on behalf of Bar Works.

24          These marketing materials contained false statements

25    and they did not disclose that Renwick Haddow, for all intents

JBIESAVP

and purposes, owned and control Bar Works.  Instead, these

marketing materials disclosed that Jonathan Black was in charge

of Bar Works.

I also spoke with subagents who sometimes were

investors in Bar Works as well, and I may have spoken with

individuals who were straight up investors or potential

investors, and I either did or did not -- and I either did not

disabuse them of the false statement that Jonathan Black was

Renwick Haddow's pseudonym, or I affirmatively stated that

Jonathan Black was running Bar Works when I knew this wasn't

true

I was to receive a commission on these sales of Bar

Works, in essence, and I, in fact, received commissions on

these sales.

I accept full responsibility for my actions and I am

sorry.

THE COURT:  All right.  When you did all those things,

you and your coconspirator, you knew what you were doing was

illegal and wrong; is that right?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Is there anything else regarding the

factual portion of the allocution that the Government wishes

the Court to inquire about?

MR. VAINSBERG:  No, your Honor.

THE COURT:  Is there anything else regarding any

JBIESAVP

1   aspect of the allocution that either side wishes the Court to

2   further inquire about before I ask the defendant to formally

3   enter his plea?

4           Anything else from the Government?

5           MR. VAINSBERG:  No, your Honor.

6           THE COURT:  Anything from the defense?

7           MR. ZELIN:  No, your Honor.

8           THE COURT:  Thank you.

9           Mr. Gata-Aura, in light of everything we've now

10  discussed, how do you now plead to Count One of indictment S118

11  Criminal 759, guilty or not guilty?

12          THE WITNESS:  I plead guilty.

13          THE COURT:  Because the defendant has acknowledged his

14  guilt as charged, because he has shown that he understands his

15  rights, and because his plea is entered knowingly and

16  voluntarily and is supported by independent basis of fact

17  containing each of the essential elements of the offense, I

18  accept his plea and adjudge him guilty of Count One of

19  indictment S118 Criminal 759.

20          Now, the next stage in this process is that the

21  probation office will prepare what's called a presentence

22  report to assist me in determining sentence.

23          As part of that, you will be interviewed by the

24  probation officer.  You can have your counsel present to advise

25  you of your rights, but under my practices if you want to

JBIESAVP

1 qualify for the full credit of acceptance of responsibility,

2 you personally need to answer the questions put to you by the

3 probation officer

4             Do you understand?

5             THE DEFENDANT:  Yes, your Honor.

6             THE COURT:  After that report is in draft form, but

7 before it's in final form, you and your counsel and also

8 Government counsel have a chance to review and it and offer

9 changes, corrections, or additions directly to the probation

10 officer who will prepare the report.

11             Independent of that, counsel for both sides are given

12 leave to submit directly to the Court in writing any and all

13 materials concerning any aspect of sentence, provided those

14 materials are submitted no later than one week before sentence.

15             And we will put the sentence down for?

16             THE DEPUTY CLERK:  March 18th at 4:00.

17             THE COURT:  March 18th at 4:00 p.m.

18             All right.  Very good.

19             Anything else we need to take up today?

20             MR. VAINSBERG:  Nothing from the Government.

21             MR. ZELIN:  Nothing further from the defense.  Thank

22 you.

23             THE COURT:  Thank you.

24             (Adjourned)

25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300